MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

ANDREW S. HUANG (CABN 193730)
Assistant United States Attorney
    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    andrew.huang@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br> Plaintiff, </br></br> v. </br></br> RUSSELL PATRICK PFIESTER, </br></br> Defendant. | No. CR 13-00304 YGR </br></br> SENTENCING MEMORANDUM </br></br> Sentencing Date: June 25, 2014 </br> Sentencing Time: 3:00 p.m. </br></br> Hon. Yvonne Gonzalez Rogers |

      On February 6, 2014, pursuant to his Plea Agreement with the government, defendant Russell Patrick Pfiester, pleaded guilty to receiving child pornography, in violation of Title 18, United States Code, Section 2252(a)(2), as charged in Count One of the Indictment. Sentencing is set for June 25, 2014. The government, by and through undersigned counsel, concurs with the Probation Office's recommended sentence of 97 months imprisonment, which is at the low end of the applicable Guidelines range. The government also concurs with the Probation Office's recommendations of a 10-year term of supervised release, no fine, and a $100 special assessment.

U.S. SENT. MEM.
NO. CR 13-00304 YGR

I.       Summary of Pertinent Facts

For an indeterminate period of time leading up to June 2012, the defendant received child pornography through an Internet-based peer-to-peer file sharing network.  Pursuant to a federal search warrant executed on June 15, 2012, an HP laptop computer was seized from the defendant's home. Subsequent investigation revealed that the computer contained approximately 128 videos depicting children engaged in sexually explicit conduct.  These videos included, *inter alia*, depictions of prepubescent children, bondage or sadomasochism, sexual abuse of children by adults, and children engaged in sexual activities with other children.

II.      Sentencing Guidelines Calculations

The government concurs with the Sentencing Guidelines calculations contained in the PSR of Total Offense Level 30, which at Criminal History Category I, yields a range of 97 to 121 months.  (The mandatory minimum term of imprisonment for a violation of 18 U.S.C. § 2252(a)(2) is five years.)

III.     Consideration of 18 U.S.C. § 3553(a)

The government also concurs with the Probation Office's assessment that a 97-month sentence, which is at the low end of the applicable Guidelines range, would be consistent with the factors articulated in 18 U.S.C. § 3553(a) and, given the defendant's background and history, reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence.  As § 3553(a) directs, the sentence should be "sufficient, but not greater than necessary" to comply with these statutory objectives.

The government appreciates that 97 months imprisonment constitutes significant punishment, particularly for the defendant, a 44-year old man with no criminal history.  The government also notes, and has no reason to dispute, the defendant's reported mental health history and personal experience with child abuse.  Several factors, however, indicate that the low-end, 97-month sentence would appropriately reflect the seriousness of the offense and the need to promote deterrence and respect for the law, *see* 18 U.S.C. § 3553(a)(2)(A), while taking into account the defendant's nature and characteristics, *see id.* at § 3553(a)(1).

First, having personally experienced sexual abuse and having a sister who was sexually abused as a child (*see* PSR ¶¶ 61-62), the defendant should have been especially keen to recognize the

seriousness and harmful nature of child pornography. Furthermore, the defendant appears to have had an awareness of his own mental health issues since at least the age of 14. (*See* PSR ¶ 73.) Unlike many child pornography offenders, the defendant even had access to mental health services and resources, which he availed himself of for an extended period of time.

Although the defendant has no prior his criminal history, certain incidents documented in the PSR speak to the danger the defendant poses and the need for a significant sentence to mitigate the defendant's risk of recidivism. The defendant's termination from his teaching position at Kennedy High School (*see* PSR ¶¶ 16-19) speaks to this risk in several regards. First, the defendant's sexually-oriented photographing of female students indicates that he is not merely a stay-at-home downloader; he was willing to abuse his position of trust to gain access to live children. Second, the photographing and his use of school computers to access and view pornography suggest that he is an individual that lacks impulse control and readily flouts rules of conduct. Finally, akin to offenders who are given a light sentence for their first offense, the defendant was allowed to resign from his teaching position and his misconduct was not reported to authorities. The defendant, however, did not take advantage of this opportunity. Instead, he failed to learn and moved onto child pornography.

Additionally, the defendant's wife caught him with child pornography in early 2012 and confronted him. (*See* PSR ¶ 9.) Although one would expect the shame of such an experience to serve as a deterrent, the defendant was undeterred and continued to download and amass a sizeable collection of child pornography. Thus, despite being caught with sexually inappropriate materials at least twice in four years, the defendant opted to continue flouting the law.

Finally, the defendant's sentence should afford him sufficient time to obtain the necessary "correctional treatment in the most effective manner," including drug treatment, mental health treatment, and any additional vocational or educational training. *See* 18 U.S.C. § 3553(a)(1) and (a)(2)(D). Here, the defendant's mental health history and history of drug use should be considered and the recommended sentence should be sufficient for him to obtain necessary treatment

IV.     Conclusion

For the reasons stated above, the government respectfully requests that defendant Russell Patrick Pfiester be sentenced to 97 months imprisonment, ten years of supervised release, with terms and

1  conditions as proposed by the Probation Office, and a $100 special assessment.  Forfeiture, per the

2  Court's May 28, 2014 Order, should be part of the sentence.  The government will move for dismissal of

3  Count Two (possession of child pornography) upon completion of sentencing.

5  DATED: June 12, 2014

                                                      Respectfully submitted,

                                                      MELINDA HAAG
                                                      United States Attorney

                                                           /s/
                                                      ANDREW S. HUANG
                                                     Assistant United States Attorney